

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,432

**EX PARTE FREEMAN EVANS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 06-00009-IQ IN THE 204TH DISTRICT COURT
## FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Evans v. State*, No. 05-06-00323-CR (Tex. App.–Dallas, delivered July 10, 2007).

Applicant contends that he was denied his right to file a *pro se* petition for discretionary review. Specifically, he contends that although he timely placed his *pro se* petition for discretionary review in the prison mail system, it was not received by the Fifth Court of Appeals until after the

filing deadline, and for that reason, was dismissed for want of jurisdiction.

The trial court entered findings of fact and conclusions of law, which are supported by the record, that Applicant placed his petition for discretionary review into the prison mail system timely, but that his petition was not received by the Court of Appeals until after the filing deadline had passed. The trial court recommends that relief be granted. We agree. Pursuant to this Court's recent decision in *Campbell v. State*, which extends the "mailbox rule" to incarcerated inmates, Applicant is entitled to file an out-of-time petition for discretionary review of the judgment of the Fifth Court of Appeals in Cause No. 05-06-00323-CR that affirmed his conviction in Case No. 06-00009-IQ from the 204th Judicial District Court of Dallas County. *See Campbell v. State*, No. PD-1081-09 (Tex. Crim. App., delivered September 22, 2010). Applicant shall file his petition for discretionary review with the Fifth Court of Appeals within 30 days of the date on which this Court's mandate issues.

Delivered: October 13, 2010
Do not publish.